DECISION AND JOURNAL ENTRY
{¶ 1} Appellant, Mark Bigley, appeals from the judgment of the Medina County Court of Common Pleas. We reverse and remand for resentencing.
 I. {¶ 2} On June 14, 2006, Appellant, Mark Bigley, was indicted on six charges including three counts of felonious assault, in violation of R.C. 2903.11(A)(1), felonies of the second degree and three counts of endangering children, in violation of R.C. 2919.22(B)(1)(E)(1)(d), felonies of the second degree. The charges stemmed from multiple rib fractures sustained by Bigley's infant son. Bigley initially pled not guilty to all charges. However, on October 6, 2006, Bigley changed his pleas. On that day, the State dismissed the felonious assault charges and Bigley pled guilty to the three counts of endangering children. Bigley was sentenced on November 13, 2006. The trial court noted in its November 16, 2006 judgment entry that it had considered "the principles and purposes of sentencing under *Page 2 
Ohio Revised Code section 2929.11." The trial court also stated in its entry that it was sentencing Bigley "to a mandatory prison term under division (F) of section 2929.13 of the Ohio Revised Code." Bigley was sentenced to eight years of incarceration on each count, to be served concurrently.
 {¶ 3} Bigley timely appealed the trial court's order. However, this Court dismissed his appeal for lack of a final, appealable order. On June 1, 2007, the trial court issued a nunc pro tunc entry, in which it again included the language that it was sentencing Bigley "to a mandatory prison term under division (F) of section 2929.13 of the Ohio Revised Code." Bigley timely appealed from the trial court's nunc pro tunc entry, raising four assignments of error for our review. We have rearranged Bigley's assignments of error to facilitate our review.
 II. ASSIGNMENT OF ERROR I "THE TRIAL COURT ERRED IN SENTENCING [BIGLEY] TO MANDATORY TIME BECAUSE THE COURT LACKED AUTHORITY TO SENTENCE HIM TO SAME."
 {¶ 4} In his first assignment of error, Bigley contends that the trial court erred in sentencing him to mandatory prison time because the court lacked authority to sentence him to mandatory time. We agree.
 {¶ 5} Upon review, we find that the trial court erred in finding in its journal entries that Bigley's offenses are subject to a mandatory prison term. See State v. Felix (Mar. 24, 1999), 9th Dist. No. 19105, at *1. R.C. 2919.22(E)(1)(d), which proscribes endangering children, states that "[i]f the violation is a violation of division (B)(1) of this section and results in serious physical harm to the child involved, [it is] a felony of the second degree." According to the trial court's judgment entries, Bigley was sentenced "to a mandatory prison term under division (F) of *Page 3 
section 2929.13 of the Ohio Revised Code." Contrary to the trial court's assertions, R.C. 2929.13(F) does not require Bigley's term to be mandatory.
 {¶ 6} The State has conceded that Bigley's sentence was not mandatory. It has argued, however, that the trial court's use of the word "mandatory" was a "typographical error" and that Bigley cannot demonstrate that he would have received a different sentence without that language. According to the State, because Bigley's sentence was not mandatory, the trial court's use of that term can be ignored. As such, the State has claimed that Bigley was not prejudiced.
 {¶ 7} It is not clear to this Court that the trial court's decision was a typographical error. First, we note that the trial court stated that it had considered "the principles and purposes of sentencing under Ohio Revised Code section 2929.11." Secondly, we note that the trial court used the mandatory language in its initial sentencing entry, then repeated the mandatory sentencing language in the nunc pro tunc entry. The trial court's erroneous imposition of a mandatory term is inconsistent with its statement that it considered "the principles and purposes of sentencing under Ohio Revised Code section 2929.11." It is entirely possible that the trial court desired to impose a lesser sentence, but felt compelled to impose an eight year sentence because it believed it was mandatory. In that event, the court could not have properly considered "the principles and purposes of sentencing" under the Ohio Revised Code. Accordingly, we cannot know whether the "mandatory" language was a typographical error or an error of law. We must, therefore, reverse Bigley's sentence and remand for resentencing.
 {¶ 8} Bigley's first assignment of error is sustained.
 ASSIGNMENT OF ERROR II "THE TRIAL COURT FAILED TO CONSIDER THE PRINCIPLES OF SENTENCING, PER R.C. 2929.11 AND FAILED TO BALANCE THE FACTORS OF SERIOUSNESS AND RECIDIVISM PURSUANT TO R.C. 2929.12." *Page 4 
 ASSIGNMENT OF ERROR III "THE TRIAL COURT IMPROPERLY SENTENCED [BIGLEY] TO 8 YEAR TERM, AS THE COURT UNCONSTITUTIONALLY FOUND FACTS BY A PREPONDERANCE OF THE EVIDENCE EXPOSING [BIGLEY] TO AN ELEVATED UPPER TERM SENTENCE, THAT WAS ABOVE AND BEYOND THE STATUTORY MAXIMUM FOR THAT CHARGES [SIC] AND UNCONSTITUTIONALLY RAN THEM CONSECUTIVELY, THUS VIOLATING [BIGLEY'S] RIGHT TO A JURY TRIAL."
 ASSIGNMENT OF ERROR IV "THE SENTENCING OF [BIGLEY], WITHOUT MAKING THE FINDS [SIC] REQUIRED BY R.C. 2929.14(B)(C) AND R.C. 2929.14(E) AFTER THE SEVERANCE IN FOSTER OPERATED AS AN EX POST FACTO LAW AND DENIED [BIGLEY] DUE PROCESS."
 {¶ 9} In his second, third and fourth assignments of error, Bigley asserts that the trial court committed several errors in his sentencing.
 {¶ 10} Our disposition of Bigley's first assignment of error renders Bigley's remaining assignments of error moot. Accordingly, we need not address them.
 III. {¶ 11} Bigley's first assignment of error is sustained. Bigley's second, third and fourth assignments of error are moot. The judgment of the Medina County Court of Common Pleas is reversed and the cause remanded for resentencing.
Judgment reversed, and cause remanded.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27. *Page 5 
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellee.
 Carr, P. J. Dickinson, J. concur. *Page 1